1
2
3
4
5
6
7        IN THE UNITED STATES DISTRICT COURT

8        FOR THE EASTERN DISTRICT OF CALIFORNIA

9   ANDRE FLOYD,

10          Plaintiff,                    No. CIV S-08-2346 WBS KJM P

11      vs.

12   N. GRANNIS, et al.,

13          Defendants.              ORDER
    _____/

14

15          Plaintiff is a state prison inmate proceeding pro se with a civil rights action under

16   42 U.S.C. § 1983.   He alleges that defendant Hasadsri failed to inform plaintiff of his hepatitis C

17   diagnosis and failed to treat the disease promptly.   Plaintiff has filed a motion to compel

18   discovery from defendant Hasadsri and defendant Hasadsri has filed a motion for an extension of

19   time in which to conduct discovery.

20   I.  Motion To Compel

21          Plaintiff avers that defendant Hasadrsri has not responded to his interrogatories or

22   to his request for the production of documents.   Defendant concedes that the compliance date

23   was not calendared, but that he has responded to all but one of the interrogatories and produced a

24   number of documents.   He contends that one interrogatory seeks information not calculated to

25   lead to admissible evidence and that many of the documents plaintiff seeks are available in his

26   medical file or are not in defendant's possession.

                                        1

Plaintiff claims he did not receive the materials; the court directs defendant to make and deliver another copy of the materials already provided to plaintiff.  Plaintiff also argues that counsel's claim of miscalendaring is unavailing because the Local Rules do not contemplate setting prisoner's motions on calendar.  Counsel refers to internal calendaring, rather than to the procedures for setting motions.

A.  <u>Interrogatories</u>

In Interrogatory twenty-one, plaintiff asked if defendant was the member of any for-profit medical group or association.  Defendant objects that this question is not calculated to lead to the discovery of admissible evidence.

Litigants "may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense. . . ."  Fed. R. Civ. P. 26(b)(1).  For these purposes relevant information is that which is "reasonably calculated to lead to the discovery of admissible evidence."  <u>Brown Bag Software v. Symantec Corp.</u>, 960 F.2d 1465, 1470 (9th Cir.1992) (citation omitted).  Although admissibility at trial is not the standard for discovery disputes, the material sought must have some evidentiary value.  <u>Martinez v. Cornell Corrections of Texas</u>, 229 F.R.D. 215, 218 (D.N.M. 2005).

> When the discovery sought appears relevant on its face, the party resisting the discovery has the burden to establish that the requested discovery does not come within the scope of relevance. . . or is of such marginal relevance that the potential harm occasioned by discovery would outweigh the ordinary presumption in favor of broad disclosure.  Conversely, when the relevancy of the discovery is not readily apparent on its face, the party seeking the discovery has the burden to show the relevancy of the request.

<u>Cardenas v. Dorel Juvenile Group, Inc.</u>, 232 F.R.D 377, 382-83 (2005).  In this case, the relevance is not readily apparent from the interrogatory itself and plaintiff has not met his burden.  Defendant's objection is proper.

/////

/////

B. <u>Requests For Production</u>

Defendant contends that documents responsive to requests one, two, three, four and six are available from plaintiff's medical file at the institution; in these requests, plaintiff in fact seeks information about his treatment.  It is appropriate to require the plaintiff to follow prison procedures for access to his medical records and obtain the material himself.   There is no requirement that defendant bear the cost of providing copies to plaintiff as part of the discovery process.  <u>Rowlin v. Alabama Dept. of Public Safety</u>, 200 F.R.D. 459, 461 (M.D. Ala. 2001) (party providing the records need not provide copies to the requesting party so long as it makes them available for inspection and copying); <u>Quarles v. Palakovich</u>, 2010 WL 2367675 at 2 (M.D.Pa. 2010) (permissible to rely on inmate's access to his own files in lieu of provision of the records in discovery).   Petitioner alleges, however, that his requests for access to his medical files have been ignored.  The court asks defendant's counsel to facilitate plaintiff's access to the records.

In requests seven, ten and eleven, plaintiff asks defendant to produce court documents from lawsuits from the past ten to twenty years in which any physician, employed or under contract, or other staff member was found to have committed malpractice or deprived an inmate of adequate care, or was found to have contributed to an inmate's death, or in contempt in relation to any lawsuit over medical inadequacies.  Because these requests do not focus on defendant's actions or on treatment of hepatitis C, they are overbroad.

In request twelve, plaintiff seeks any currently pending individual or class action suit in which Hasadsri is a defendant, individually or as member of a class.  The court agrees that this request is overbroad, in that it is not limited to suits stemming from alleged malpractice or deliberate indifference to medical needs.  The motion will be granted, however, narrowed to such suits.

/////

/////

C.  Plaintiff's Typographical Error

Plaintiff claims that in requests for production sixteen and seventeen, there was a typing error: when he typed "left ear" he meant "HCV illness."   Plaintiff cannot reformulate his discovery requests in the reply to a motion to compel.

II.  Motion For An Extension Of Time

Counsel for defendant alleges that defendant has been out of the country and so has been unable to review various records and assist counsel in framing the appropriate discovery.   In addition, she also wants to depose plaintiff after she consults defendant, but must give fourteen days' notice of the deposition.  This establishes good cause for extending the discovery period.

IT IS THEREFORE ORDERED that:

1.  Plaintiff's motion to compel discovery (docket no. 53) is granted in part and denied in part, as follows:

A.  Granted as to request for production number 12, narrowed to apply to pending individual or class action suits alleging malpractice or deliberate indifference to medical needs in which Hasadsri is a defendant; and

B.  Otherwise denied, subject however to the direction to defendant to provide another copy of his discovery responses to plaintiff within fourteen days of this order, and to promptly facilitate plaintiff's access to his medical file.

2.  Defendant Hasadsri's motion for an extension of time (docket no. 56) is granted; the discovery cutoff is extended by sixty days, to September 17, 2010.

3.  Pretrial motions shall be due on or before November 5, 2010.

DATED:  July 17, 2010.

_____
U.S. MAGISTRATE JUDGE

2

floy2346.mtc+