IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ANDRE FLOYD,

        Plaintiff,                No. CIV S-08-2346 WBS KJM P

   vs.

N. GRANNIS, et al.,

        Defendants.        <u>ORDER</u>

                                        /

Plaintiff is a state prison inmate proceeding pro se with a civil rights action under 42 U.S.C. § 1983. There are several motions pending before the court.

I. <u>Motion To Compel</u>

Plaintiff has filed a motion to compel defendant Cantwell to provide discovery. He acknowledges receiving the answer to interrogatory 19, which defendant Cantwell inadvertently omitted from his answers, but argues that Cantwell should be required to produce plaintiff's medical records. Plaintiff does not dispute that the materials are contained in his institutional medical file, but contents he has had difficulty gaining access to his file. Defendant Cantwell asserts he is no longer employed by California Department of Corrections and Rehabilitation (CDCR) and does not have custody or control of the records. Docket No. 58 at 3.

/////

While defendant Cantwell does refer to the records in his response to interrogatories, the court does not find that reference necessarily inconsistent with the claim that he does not have custody or control over the records so as to obligate him to produce them. Plaintiff has presented nothing suggesting otherwise. See United States v. International Union of Petroleum and Industrial Workers, 870 F.2d 1450, 1452 (9th Cir.1989). Nevertheless, the court requests counsel for defendant Cantwell to facilitate plaintiff's access to his medical records to the extent possible.

II. Objection To The Subpoena

Plaintiff has also filed an objection to defendant Hasadsri's subpoena for plaintiff's medical records. He notes that defendant Hasadsri referred to the medical records in his response to interrogatories. Plaintiff has no objection to the release of the records from October 2001 through July 2002, which covers the period of time when defendant Hasadsri treated him. Defendant has not responded to the objection.

Plaintiff's objection is well-taken. Accordingly, defendant Hasadsri is directed to limit his subpoena to those medical records which cover the period of time he treated plaintiff, from October 2001 through July 2002.

III. Defendant Dang's Response To The Order Re: Costs

On July 23, 2010, this court directed defendant to show cause why he should not reimburse the U.S. Marshal for the costs of service. He has now responded that the waiver request was not forwarded to him and so he never had the opportunity to waive service. This is sufficient to support a discharge of the order.

IT IS HEREBY ORDERED that:

1. Plaintiff's motion to compel (docket no. 55) is denied;

2. Plaintiff's objections to the subpoena for his medical records (docket no. 62) is granted in part; defendant Hasadsri is directed to limit his subpoena to records between October 2001 and July 2002; if defendant Hasadsri has already obtained plaintiff's complete medical

records, he is directed to destroy those outside of this date range and report to the court of their destruction within fourteen days of the date of this order; and

      3. The Marshal's request for reimbursement (docket no. 60) is denied.

DATED: September 30, 2010.

_____
U.S. MAGISTRATE JUDGE

2

holl2346.mtc(2)