IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ANDRE RENE FLOYD,

        Plaintiff,                     No. CIV S-08-2346 WBS CKD P

    vs.

N. GRANNIS, et al.,                  ORDER AND

        Defendants.               FINDINGS AND RECOMMENDATIONS

        Plaintiff is a California prisoner proceeding pro se with an action for violation of civil rights under 42 U.S.C. § 1983. Defendant Hasadri's (defendant) motion for summary judgment is before the court. The court notes that plaintiff has filed a sur-reply with respect to the motion for summary judgment. Under Local Rule 230(l), sur-replies are not permitted. Because plaintiff did not seek leave to file a sur-reply, it will not be considered.

        Under summary judgment practice, the moving party

> always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any," which it believes demonstrate the absence of a genuine issue of material fact.

Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986) (quoting Fed. R. Civ. P. 56(c)). "[W]here the nonmoving party will bear the burden of proof at trial on a dispositive issue, a summary

1

judgment motion may properly be made in reliance solely on the 'pleadings, depositions, answers to interrogatories, and admissions on file.'" Id.  Indeed, summary judgment should be entered, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial.  See id. at 322.  "[A] complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial."  Id.  In such a circumstance, summary judgment should be granted, "so long as whatever is before the district court demonstrates that the standard for entry of summary judgment, as set forth in Rule 56(c), is satisfied."  Id. at 323.

If the moving party meets its initial responsibility, the burden then shifts to the opposing party to establish that a genuine issue as to any material fact actually does exist.  See Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986).  In attempting to establish the existence of this factual dispute, the opposing party may not rely upon the allegations or denials of its pleadings but is required to tender evidence of specific facts in the form of affidavits, and/or admissible discovery material, in support of its contention that the dispute exists.  See Fed. R. Civ. P. 56(e); Matsushita, 475 U.S. at 586 n.11.  The opposing party must demonstrate that the fact in contention is material, i.e., a fact that might affect the outcome of the suit under the governing law, see Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986); T.W. Elec. Serv., Inc. v. Pacific Elec. Contractors Ass'n, 809 F.2d 626, 630 (9th Cir. 1987), and that the dispute is genuine, i.e., the evidence is such that a reasonable jury could return a verdict for the nonmoving party, see Wool v. Tandem Computers, Inc., 818 F.2d 1433, 1436 (9th Cir. 1987).

In the endeavor to establish the existence of a factual dispute, the opposing party need not establish a material issue of fact conclusively in its favor.  It is sufficient that "the claimed factual dispute be shown to require a jury or judge to resolve the parties' differing versions of the truth at trial."  T.W. Elec. Serv., 809 F.2d at 631.  Thus, the "purpose of summary

judgment is to 'pierce the pleadings and to assess the proof in order to see whether there is a genuine need for trial.'" Matsushita, 475 U.S. at 587 (quoting Fed. R. Civ. P. 56(e) advisory committee's note on 1963 amendments).

In resolving the summary judgment motion, the court examines the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any. Fed. R. Civ. P. 56(c). The evidence of the opposing party is to be believed. See Anderson, 477 U.S. at 255. All reasonable inferences that may be drawn from the facts placed before the court must be drawn in favor of the opposing party. See Matsushita, 475 U.S. at 587. Nevertheless, inferences are not drawn out of the air, and it is the opposing party's obligation to produce a factual predicate from which the inference may be drawn. See Richards v. Nielsen Freight Lines, 602 F. Supp. 1224, 1244-45 (E.D. Cal. 1985), aff'd, 810 F.2d 898, 902 (9th Cir. 1987). Finally, to demonstrate a genuine issue, the opposing party "must do more than simply show that there is some metaphysical doubt as to the material facts . . . Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no 'genuine issue for trial.'" Matsushita, 475 U.S. at 587 (citation omitted).

On May 14, 2009, the court advised plaintiff of the requirements for opposing a motion pursuant to Rule 56 of the Federal Rules of Civil Procedure. See Rand v. Rowland, 154 F.3d 952, 957 (9th Cir. 1998) (en banc), cert. denied, 527 U.S. 1035 (1999), and Klingele v. Eikenberry, 849 F.2d 409 (9th Cir. 1988).

In his November 17, 2008 amended complaint, which is signed under the penalty of perjury, plaintiff alleges as follows:

1. Plaintiff was housed at California State Prison, Corcoran between November, 2001 and November, 2004. While plaintiff was housed at Corcoran, defendant was employed there as a physician.

2. In November, 2001, plaintiff was diagnosed with Hepatis C. Defendant was aware of the diagnosis but did not tell plaintiff. Plaintiff did not learn he had hepatitis C until

1  October 24, 2004 when he was so informed by Dr. Dang.  A week later, plaintiff was transferred
2  to California State Prison, Sacramento.
3        3.  When reviewing his prison medical file in September, 2006, plaintiff learned
4  that defendant knew plaintiff had Hepatitis C in 2001.
5        4.  Defendant never treated plaintiff for Hepatitis C while he was housed at
6  Corcoran.
7        On April 7, 2009, the court found that plaintiff's allegations state a claim upon
8  which relief could be granted under the Eighth Amendment.  The Eighth Amendment demands
9  that prison officials not act in a manner "sufficiently harmful to evidence deliberate indifference
10  to serious medical needs."  Estelle v. Gamble, 429 U.S. 97, 106 (1976).  An Eighth Amendment
11  claim based on inadequate medical care has two elements, "the seriousness of the prisoner's
12  medical need and the nature of the defendant's response to that need."  McGuckin v. Smith, 974
13  F.2d 1050, 1059 (9th Cir. 1992).
14        A medical need is "serious" "if the failure to treat the prisoner's condition could
15  result in further significant injury or the 'unnecessary and wanton infliction of pain.'"  Id.
16  (quoting Estelle, 429 U.S. at 104).
17        Deliberate indifference to a medical need is shown when a prison official knows
18  that an inmate has a serious medical need and disregards that need by failing to respond
19  reasonably to it.  See Farmer v. Brennan, 511 U.S. 825 (1994).  "[A] prison official cannot be
20  found liable under the Eighth Amendment for denying an inmate humane conditions of
21  confinement unless the official knows of and disregards an excessive risk to inmate health or
22  safety; the official must both be aware of facts from which the inference could be drawn that a
23  substantial risk of serious harm exists, and he must also draw the inference."  Id. at 837.
24        Defendant asserts he is entitled to summary judgment because there is no
25  evidence that he was deliberately indifferent to any serious medical need plaintiff might have
26  had.  In support of his motion, defendant points to evidence indicating that while he treated

plaintiff between July, 2001 and June, 2002, he had never diagnosed plaintiff with having Hepatitis C nor was he aware that any other such diagnoses had been made.  From defendant's review of plaintiff's medical records, defendant asserts plaintiff was not diagnosed with having Hepatitis C until February of 2004.

In his opposition, plaintiff fails to point to anything suggesting that before being treated by defendant, or during the period of time defendant treated him, plaintiff had been diagnosed with Hepatitis C.  Further, he fails to point to anything indicating defendant was, or should have been aware that plaintiff had Hepatitis C during that time.  In light of the failure of proof on these key points, defendant is entitled to summary judgment with respect to plaintiff's Eighth Amendment claim.

Plaintiff suggests in his opposition that the basis of his Eighth Amendment claim is not that defendant knew plaintiff had Hepatitis C and chose not to do anything about it, rather it concerns defendant's failure to subject plaintiff to testing for Hepatitis C.  However, that was not pled in plaintiff's complaint, and plaintiff does not seek leave to amend.  In any case, the "deliberate indifference" standard above requires that a defendant have knowledge of a serious medical problem and then indifference to it.  Since nothing suggests defendant knew, or even should have known, that plaintiff had Hepatitis C, plaintiff has no Eighth Amendment claim.  It could be argued that testing for Hepatitis C would be a necessary component of treatment with respect to certain symptoms and that failure to treat symptoms in that way amounts to deliberate indifference. But, plaintiff does not point to any evidence, which almost certainly would have to be presented through expert testimony of a physician, indicating he had such symptoms.

In light of the foregoing, defendant is entitled to summary judgment.  The court notes that another basis for summary judgment arises from the "qualified immunity" doctrine since there are no facts before the court which could establish plaintiff was deprived of a Constitutional right.  See Saucier v. Katz, 533 U.S. 194, 201 (2001).

/////

In accordance with the above, IT IS HEREBY ORDERED that the March 15, 2011 sur-reply filed by plaintiff concerning defendant Hasadri's motion for summary judgment is stricken.

IT IS HEREBY RECOMMENDED that:

1. Defendant Hasadri's November 5, 2011 motion for summary judgment be granted; and

2. Defendant Hasadri be dismissed from this action.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty-one days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served and filed within fourteen days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: December 2, 2011

CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

1
floy2346.57(2)